UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re WE INSURANCE SERVICES, INC., <br><br>                                      Debtor. <br>────────────────────────── <br>LESLIE T. GLADSTONE, ESQ., as Chapter 7 Trustee of We Insurance Service, Inc., <br><br>                                      Plaintiff, <br>v. <br>ADMIRAL INSURANCE COMPANY, <br><br>                                      Defendant. | Case No.: 20-CV-2076 JLS (MDD) <br><br>**ORDER DENYING DEFENDANT'S MOTION TO WITHDRAW THE BANKRUPTCY REFERENCE** <br><br>(ECF No. 1) |

Presently before the Court is Defendant Admiral Insurance Company's ("Defendant") Motion to Withdraw the Reference ("Mot.," ECF No. 1). On August 13, 2020, Leslie T. Gladstone, the Chapter 7 Trustee ("Plaintiff" or the "Trustee") of We Insurance Services, Inc. ("Debtor"), filed this adversary proceeding in the U.S. Bankruptcy Court for the Southern District of California against Defendant. *See Gladstone v. Admiral Insurance Company*, No. 20-90096-LA (Bankr. S.D. Cal. 2020). On October 22, 2020, Defendant filed the present Motion seeking to withdraw the bankruptcy reference and have

1

the adversary proceeding heard in this Court. *See generally* Mot. Plaintiff filed an Opposition to the Motion ("Opp'n," ECF No. 4) and Defendant filed a Reply in Support of the Motion ("Reply," ECF No. 6). The Court took the matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF No. 3. Having carefully reviewed the Parties' arguments and the law, the Court **DENIES** the Motion.

## BACKGROUND

Debtor was an insurance agency formed by Bryan Ells ("Mr. Ells") and Grant Moseley ("Mr. Moseley") in September 2012. Opp'n at 3. Mr. Ells served as Debtor's president and sole owner, and Mr. Moseley served as Debtor's director. *See id.* Defendant issued a professional liability insurance policy to Messrs. Ells and Moseley, with Debtor as the named insured. *See* Mot. at 2. The Trustee alleges that Debtor lost its business and depleted its assets due to Messrs. Ells and Moseley's mismanagement. Opp'n at 3. Debtor filed for Chapter 7 bankruptcy in January 2017, and the U.S. Bankruptcy Court for the Southern District of California (the "Bankruptcy Court") has presided over that action for more than four years. *See generally In re We Insurance Services, Inc.*, No. 17-00099-LA (Bankr. S.D. Cal. 2017).[1]

The Trustee commenced an adversary proceeding in the bankruptcy court against Messrs. Ells and Moseley, asserting claims for negligence and breach of fiduciary duty based on their alleged failure to implement and maintain information and reporting systems. Opp'n at 3; *see generally Gladstone v. Ells*, No. 19-90011-LA (Bankr. S.D. Cal. 2019). Defendant denied coverage under the insurance policy for the Trustee's claims, and Defendant notified Messrs. Ells and Moseley that it would not provide a defense for them in the adversary proceeding. Opp'n at 4. Thereafter, Mr. Ells entered into a settlement agreement with the Trustee. *Id.* The Trustee and Mr. Ells agreed to entry of a final, binding

---

[1] The Court takes judicial notice of documents filed in the underlying bankruptcy case and in the adversary proceeding against Defendant. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("[A court] may take judicial notice of court filings and other matters of public record." (citing *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998)).

judgment in favor of the Trustee against Mr. Ells for $985,000. *Id.* As part of the settlement agreement, the Trustee agreed to collect the judgment solely from Defendant, and Mr. Ells assigned all the rights, claims, and causes of action that he might have against Defendant to the Trustee. *Id.* at 5. The Bankruptcy Court approved the settlement agreement over Defendant's objections that the agreement was collusive and invalid. *See id.*

Subsequently, Defendant filed a motion seeking to lift the automatic stay to file a declaratory action against the Trustee. Opp'n at 7; *see In re We Insurance Services*, No. 17-00099-LA7 (ECF No. 279). The Bankruptcy Court denied Defendant's motion. Opp'n at 7; *see In re We Insurance Services*, No. 17-00099-LA7 (ECF No. 295). The Trustee, as an assignee of Mr. Ells's rights, commenced the instant adversary proceeding against Defendant. *See Gladstone*, No. 20-90096-LA. The Trustee seeks (1) a declaration that Defendant's insurance policy provides coverage to the claims asserted against Mr. Ells and (2) damages for Defendant allegedly breaching the insurance policy and the implied covenant of good faith and fair dealing. *See id.* Subsequently, Defendant filed the present Motion to Withdraw the Reference. *See generally* ECF No. 1.

## LEGAL STANDARD

Federal courts have "original but not exclusive jurisdiction" over civil proceedings arising in or related to bankruptcy cases. 28 U.S.C. § 1334(a); *In re McGhan*, 288 F.3d 1172, 1179 (9th Cir. 2002). The district court may refer such matters to a bankruptcy judge. 28 U.S.C. § 157(a); *see also* S.D. Cal. B.L.R. 5011–1. A party who believes that a proceeding pending in the bankruptcy court should instead be litigated before the district court may move for withdrawal of that reference pursuant to 28 U.S.C. § 157(d). Section 157(d) provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion, or on timely motion of any party for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires

> consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d). This statute "contains two distinct provisions: the first sentence allows permissive withdrawal, while the second sentence requires mandatory withdrawal in certain situations." *In re Coe–Truman Techs., Inc.*, 214 B.R. 183, 185 (N.D. Ill. 1997). Under either provision, the "burden of persuasion is on the party seeking withdrawal." *In re First Alliance Mortg. Co.*, 282 B.R. 894, 902 (C.D. Cal. 2001); *see also Hawaiian Airlines, Inc. v. Mesa Air Group, Inc.*, 355 B.R. 214, 218 (D. Haw. 2006).

With respect to permissive withdrawal, the district court may withdraw a proceeding "for cause shown." 28 U.S.C. § 157(d). "In determining whether cause exists, a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997). Additionally, section 157 "classifies matters as either 'core proceedings,' in which the bankruptcy court 'may enter appropriate orders and judgments,' or 'non-core proceedings,' which the bankruptcy court may hear but for which it may only submit proposed findings of fact and conclusions of law to the district court for de novo review." *Id.* (quoting 28 U.S.C. § 157). "Actions that do not depend on bankruptcy laws for their existence and that could proceed in another court are considered 'non-core.'" *Id.* District courts should also consider whether the matter is core or non-core, "since it is upon this issue that questions of efficiency and uniformity will turn." *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993). Even where there is a Seventh Amendment right to a jury trial in the district court, the bankruptcy court may retain jurisdiction over the case for pretrial matters. *In re Healthcentral.com*, 504 F.3d 775, 788 (9th Cir. 2007).

///

///

# ANALYSIS

Defendant argues there is "ample cause" for permissive withdrawal under 28 U.S.C. § 157(d). Mot. at 2. Specifically, Defendant contends the Court should grant its Motion because (1) the Trustee's Coverage Action is non-core; (2) withdrawing the reference would promote judicial economy and conserve resources; (3) withdrawing the reference would promote uniform bankruptcy administration; (4) withdrawal is necessary to prevent forum shopping; and (5) Defendant has the right to a jury trial in district court. *See generally id.* The Court addresses each of these arguments in turn.[2]

## I.  Core vs. Non-Core

Defendant contends that the Trustee's Coverage Action is non-core. *See* Mot. at 7. "[A]n action is non-core when there is not a cause of action created by title 11 or one that only arises in title 11 cases, even if the action will affect the administration of the estate." *Everett v. Art Brand Studios, LLC*, 556 B.R. 437, 443 (N.D. Cal. 2016) (quoting *In re Eastport Assocs.*, 935 F.2d 1071, 1077 (9th Cir. 1991)) (internal quotation marks omitted). "State law claims have been found to be 'non-core' where an adversary proceeding alleges state law claims with only a potential impact on the bankruptcy case and where those claims could have been brought in state court regardless of the bankruptcy proceedings." *In re: TAC Fin., Inc.*, No. 3:15-cv-02681-GPC-NLS, 2016 WL 3387521, at *4 (S.D. Cal. June 20, 2016) (citing *Equipoint Fin. Network, Inc. v. Network Appraisal Servs., Inc.*, No. 09-CV-01252HCAB, 2009 WL 2135873, at *3 (S.D. Cal. July 15, 2009)). Here, the Trustee is asserting state law claims that could have been brought independent of any bankruptcy

///

///

---

[2] Defendant also argues withdrawal is proper because the Bankruptcy Court lacks jurisdiction. *See* Mot. at 5. Defendant has filed a separate motion challenging jurisdiction in the Bankruptcy Court. *See Gladstone*, No. 20-90096-LA (ECF No. 11). "Each court has jurisdiction to determine its own jurisdiction, but not the jurisdiction of others." *Chiron Corp. v. Advanced Chemtech, Inc.*, 869 F. Supp. 800, 801 (N.D. Cal. 1994) (citing *United States v. Mine Workers of Am.*, 330 U.S. 258, 292 n.57 (1947)). The Court therefore declines to address this argument.

proceeding.³ The Court therefore finds the claims to be non-core. *See In re GACN, Inc.*, 555 B.R. 684, 698 (B.A.P. 9th Cir. 2016) (finding declaratory relief action to be non-core).

Generally, where the claims at issue are non-core, efficiency favors withdrawing the reference. *See Everett*, 556 B.R. at 443. However, the non-core nature of the claims is not necessarily dispositive. *See Hjelmeset v. Cheng Hung*, No. 17-cv-05697-BLF, 2018 WL 558917, at *4 (N.D. Cal. Jan. 25, 2018) ("Even if the claims against [the defendant] are non-core, judicial efficiency still may be served by denying withdrawal of the reference in light of the circumstances of this case."); *see also In re GTS 900 F, LLC*, No. CV 10-06693 SJO, 2010 WL 4878839, at *5 (C.D. Cal. Nov. 23, 2010) ("Were Plaintiff's fourth and fifth counterclaims to be non-core, the Court would still deny Plaintiff's Motion [to withdraw the reference]."). The Court therefore turns to the other factors enumerated by the Ninth Circuit—such as judicial economy, conservation of resources, uniform bankruptcy administration, and forum shopping. *See Sec. Farms*, 124 F.3d at 1008.

## II. Judicial Economy and Conservation of Party Resources

Defendant contends that because the action is non-core, the district court will have to conduct *de novo* review of the Bankruptcy Court's findings. Mot. at 9 (citing *Stern v. Marshall*, 564 U.S. 462 (2011)). Therefore, according to Defendant, withdrawal would promote judicial efficiency by allowing the parties to litigate this matter only once. *Id.* at 10. Moreover, Defendant argues that because the Trustee's claims are non-core, the claims "involve[] subject matter that is not typically handled by the Bankruptcy Court." *Id.* However, Plaintiff counters that the Bankruptcy Court is the more efficient forum because it is "uniquely qualified to preside over the Adversary Proceeding given its experience with the facts and legal issues of this coverage dispute." Opp'n at 11. Plaintiff further argues that withdrawing the adversary proceeding at such an early stage "would undermine the bankruptcy system, which was purposefully designed so that bankruptcy courts could assist district courts." *Id.* at 13.

---

³ The Trustee does not seem to contend otherwise. *See generally* Opp'n.

The Court finds that it would be more efficient for the adversary proceeding to remain in the Bankruptcy Court, at least at this juncture. The Bankruptcy Court has yet to resolve any pre-trial issues. *See id.* at 12–13. If the Bankruptcy Court is given a chance to resolve these issues, it may "obviate the need for a jury trial altogether." *Hjelmeset*, 2018 WL 558917, at *5 (citation omitted). And the Court fails to see how subjecting the Bankruptcy Court's findings to *de novo* review would be per se inefficient. *See In re Heller Ehrman LLP*, 464 B.R. 348, 360 (N.D. Cal. 2011) ("If this Court is ultimately called upon to make a final judgment in this action, it is not clear that such a procedure will cause unnecessary delay and costs, particularly given the efficiencies of having the bankruptcy court deal with the issues in the first instance.").

Nor is this Court persuaded by Defendant's contention that this factor weighs in favor of withdrawal because of the Bankruptcy Court's purported inexperience with these issues. *See* Mot. at 10. The Bankruptcy Court has presided over Debtor's bankruptcy case for four years. Opp'n at 11. Moreover, the Bankruptcy Court has already ruled on the settlement agreement between the Trustee and Mr. Ells and held that the insurance policy and its proceeds belong to the estate. *Id.* at 11–12. Contrary to Defendant's argument, the Court finds that the Bankruptcy Court is well-situated to handle the issues in this proceeding. *See In re Heller Ehrman*, 464 B.R. at 360 (finding this factor disfavored withdrawal because "the bankruptcy judge is already familiar with and has considered some of the issues in this matter"); *see also Hjelmeset*, 2018 WL 558917, at *5 ("[W]ithdrawal of the reference . . . at this point in the case 'would result in this court losing the benefit of the bankruptcy court's experience in both the law and facts, resulting in an inefficient allocation of judicial resources.'" (quoting *In re Heller Ehrman*, 464 B.R. at 359)). Moreover, "[a]s the case commenced several years ago before a bankruptcy judge, transfer would . . . entail some duplication or even waste of judicial resources." *Vertkin v. Jaroslkovsky*, No. C 10-01359 RS, 2010 WL 2486519, at *2 (N.D. Cal. June 15, 2010). The Court concludes that it would be inefficient to withdraw this case, especially given

///

that all pre-trial matters likely will need to be resolved by this Court should the case be withdrawn. Accordingly, this factor weighs against withdrawing the reference.

### III. Uniform Bankruptcy Administration

Defendant contends that withdrawal is proper because the Trustee's claims are non-core and present issues of state law, so there would be no interference with the uniformity of bankruptcy administration. Mot. at 11. Defendant further argues that withdrawing the reference will promote uniformity of bankruptcy administration because the Bankruptcy Court has no authority to enter final judgment. *Id.* (citing *Stern*, 564 U.S. at 462). The Trustee, meanwhile, claims that withdrawal will lead to an inefficient administration of the estate. Opp'n at 14.

Where the resolution of claims may impact the assets available to creditors, this factor weighs against withdrawal. *See Everett*, 556 B.R. at 446. While it is true that the claims here are non-core, the Bankruptcy Court has already ruled that the insurance policy and its proceeds belong to the estate. *See* Opp'n at 14. Any potential ruling on the Trustee's entitlement to the proceeds could impact assets available to creditors. Furthermore, "when the bankruptcy has proceeded for several years[,] withdrawal may 'undermine the uniform administration of bankruptcy proceedings.'" *In re Heller Ehrman*, 556 B.R. at 360 (quoting *Vertkin*, 2010 WL 2486519, at *2). In this case, the Bankruptcy Court has presided over Debtor's bankruptcy case for four years. Opp'n at 12. The Court therefore finds that the uniformity of the bankruptcy administration would be harmed by withdrawal.[4]

---

[4] Defendant also contends that California courts have held that withdrawal is proper even when there is some impact on uniform administration, at least where the claims are non-core and it would be efficient to withdraw the case. *See* Mot. at 11 (citing *Everett*, 556 B.R. at 446; *In re Rosales*, No.13-CV-01316-LHK, 2013 WL 5962007, at *7 (N.D. Cal. Nov. 7, 2013)). But this argument does nothing to help Defendant's position. The courts in both cases cited by Defendant concluded that the uniformity of bankruptcy administration did weigh against withdrawal. *See Everett*, 556 B.R. at 446; *In re Rosales*, 2013 WL 5962007, at *7. The courts ultimately withdrew the reference because other factors outweighed the uniformity of administration. *See Everett*, 556 B.R. at 446 ("[T]he Court concludes that any disruption to the uniform administration of the bankruptcy estate is outweighed by the efficiency that will result in withdrawing the Trustee's non-core claims to this Court."); *In re Rosales*, 2013 WL 5962007, at *7

## IV. Forum Shopping

Defendant argues that the Trustee is forum shopping because "[s]oon after [Defendant] filed a motion seeking to lift the stay to file its coverage action in federal district court, the Trustee rushed to file the duplicative Trustee's Coverage Action seeking the exact same relief." Mot. at 12. Thus, according to Defendant, the Trustee is seeking to gain an advantage over Defendant in a more favorable forum. *Id.* The Trustee, meanwhile, contends that it is actually Defendant who is forum shopping. Opp'n at 16. The Trustee points out that only after Defendant received two adverse rulings in Bankruptcy Court did Defendant file this Motion. *Id.*

Evidence of forum shopping weighs against granting a motion to withdraw the reference. *See In re Molina*, No. 10-0575, 2010 WL 3516107, at *2 (N.D. Cal. Sept. 8, 2010); *In re GTS*, 2010 WL 4878839, at *5. The Court's decision to withdraw the reference "should be employ[ed] judiciously in order to prevent [withdrawal] from becoming just another litigation tactic for parties eager to find a way out of bankruptcy court." *In re GTS*, 2010 WL 4878839, at *5 (citations omitted) (internal quotation marks omitted). Where a party moves to withdraw the reference after the bankruptcy court makes adverse rulings against it, forum shopping is likely. *See id.* (citing *In re N.Y. Trap Rock Corp.*, 158 B.R. 574, 577 (S.D.N.Y. 1993)).

First, the Court is not persuaded that the Trustee has engaged in forum shopping. A court determines whether a party is forum shopping based on the party's intent. *See Vivendi SA v. T-Mobile USA Inc.*, 586 F.3d 689, 695 (9th Cir. 2009). Defendant has failed to show any intent on the part of the Trustee. In fact, the Trustee's stated reason for choosing Bankruptcy Court is "because of the efficiencies that will be gained from the Bankruptcy Court's familiarity with the facts and legal issues of this coverage dispute." Opp'n at 15. The Trustee choosing Bankruptcy Court for reasons of efficiency does not evidence forum

---

("Uniform administration of the bankruptcy estate is the sole factor that favors not withdrawing the reference."). That as not the case here, as several other factors weigh in favor of denying the Motion.

shopping. *See In re Marger, Johnson & McCollum*, No. 20-30157-tmb7, 2020 WL 3494280, at *4 (Bankr. D. Or. June 25, 2020) ("[A party desiring p]rompt and efficient adjudication of this dispute . . . is definitely *not* forum shopping." (citation omitted)).

On the other hand, it appears that Defendant *has* engaged in forum shopping. As the Trustee points out, only after receiving two adverse rulings in Bankruptcy Court did Defendant file the instant Motion. Opp'n at 16. The Court finds this case to be similar to *In re GTS*, where the court found the movant to be engaged in forum shopping and denied its motion to withdraw. 2010 WL 4878839, at *5. The reasoning of *In re GTS* is informative:

> Plaintiff's motives are highly suspect because of the eight month delay between when Plaintiff could have filed a motion to withdraw reference to when Plaintiff actually filed the Motion, and because of the close temporal proximity of the adverse ruling to when Plaintiff filed the instant Motion. The developments in the Bankruptcy Court lead the Court to find that the adverse ruling was the impetus for Plaintiff to file its Motion. Plaintiff is forum shopping and such attempts should not be rewarded.

*Id. In re GTS* presents a similar factual scenario to the present action.[5] Accordingly, the Court finds Defendant to have engaged in forum shopping. This factor therefore weighs strongly against granting Defendant's Motion.

**V. Jury Trial**

Finally, Defendant contends that it has preserved its right to a jury trial in the district court, so it has "automatically shown cause for permissive withdrawal." Mot. at 13. The

///

---

[5] The Court does note that the eight-month delay in *In re GTS* was longer than the delay here. The Trustee commenced the adversary proceeding on August 13, 2020. Opp'n at 6. Defendant filed this instant Motion on September 28, 2020—over a month after the adversary proceeding began. *See* ECF No. 1. Still, the Court finds the proximity between the adverse rulings in the Bankruptcy Court and Defendant's Motion to be indicative of forum shopping. The Court therefore chooses not to exercise its discretion to withdraw the reference, in part "to prevent [withdrawal] from becoming just another litigation tactic for [Defendant] to find a way out of bankruptcy court." *See In re GTS*, 2010 WL 4878839, at *5 (citation omitted).

Trustee counters that the fact that Defendant may have the right to a jury trial does not mean withdrawal is proper. Opp'n at 17. The Court agrees with the Trustee.

"[B]ankruptcy courts are not divested of pre-trial jurisdiction over matters which they ultimately may be unable to decide." *In re Cedar Funding, Inc.*, 419 B.R. 807, 819 (B.A.P. 9th Cir. 2009) (citing *In re Healthcentral.com*, 504 F.3d at 787). In fact, "requiring that an action be immediately transferred to district court simply because of a jury trial right would run counter to our bankruptcy system." *In re Healthcentral.com*, 504 F.3d at 787. "Only by allowing the bankruptcy court to retain jurisdiction over the action until *trial is actually ready* do we ensure that our bankruptcy system is carried out." *Id.* at 788 (emphasis in original). That is why "[t]he 'great majority of courts' and the Ninth Circuit have held that '[a] valid right to a Seventh Amendment jury trial in the district court does not mean the bankruptcy court must instantly give up jurisdiction and that the action must be transferred to the district court.'" *In re GTS*, 2010 WL 4878839, at *6 (quoting *In re Healthcentral.com*, 504 F.3d at 788)). Given that the Bankruptcy Court can retain jurisdiction over pre-trial matters, the Court finds that judicial economy would be better served by denying Defendant's Motion despite Defendant's right to a jury trial. *See Hjelmeset*, 2018 WL 558917, at *4 ("[E]ven if [Defendant] is ultimately correct that he has the right to a jury trial and he does not consent to a final order by the bankruptcy court, it is still proper for the proceeding to stay in the bankruptcy court for discovery, pre-trial litigation, and pre-trial dispositive motions.").

In sum, Defendant has not satisfied its burden of demonstrating cause for permissive withdrawal. Therefore, the Court declines to exercise its discretion to withdraw the reference. *See id.* at *6 (declining to withdraw the reference even though claims were non-core, as none of the other factors weighed in favor of withdrawal).

///
///
///
///

1
2
3
4
5
6
7

**CONCLUSION**

Based on the foregoing, the Court **DENIES** Defendant's Motion to Withdraw the Reference (ECF No. 1). The Clerk of the Court **SHALL CLOSE** the file.

**IT IS SO ORDERED**.

Dated: September 13, 2021

Hon. Janis L. Sammartino
United States District Judge